of the State of Illinois, appellants by Justin and Felocity. Good morning, your honors. May it please the court, counsel, a very brief backdrop of the facts of this case, I guess not really the facts, the procedural avenue that this case has taken for a long time here. This case stems from a murder conviction in 1970, which this court affirmed in 1975. For all intents and purposes, not a whole lot happened from 1975 until April of 2016 when the defendant filed a motion for the appointment of a special prosecutor. And that motion stemmed from a request that the defendant made to the Peoria County State's Attorney's Office to investigate based on a couple of pieces of evidence that the defendant brought to the State's Attorney's attention. The State's Attorney reviewed the matter and declined to act further upon it. Therefore, that prompted the defendant to file a motion for the appointment of a special prosecutor to have the State's Attorney removed and have somebody else investigate his claims. That motion was granted by the trial judge and the Attorney General's Office was appointed. That motion was granted in a miscellaneous remedies case? Yes. Not in the criminal proceeding? Yes, your honor. That's a little unusual because a motion to appoint a special prosecutor is normally filed in the criminal case. Sure. And that kind of, your honor, leads to my first point is that is this really the proper avenue for this whole discussion for this matter? Because in the criminal case, the 70-Y 1976 case, that exists simultaneous to this case. There's two parallel tracks here where we're basically discussing the same issues. And that's an argument we presented down below. And the people would submit that the fact that there's two cases proceeding simultaneously creates a lot of confusion, a lot of duplication of efforts. But more importantly, the fact is the criminal case existed a post-conviction petition, which was recently decided down below. Whereas in this case, this motion for the appointment of a special prosecutor kind of came out of thin air. Again, like I said, it stemmed from a request to the state's attorney. But there was no pending matter. There was no pending case or motion. This case had been dormant for 15 years. And all of a sudden, the defendant filed a motion to appoint a special prosecutor. And our response to that is, for what purpose? To investigate based on your random claims, which you also raised in the criminal case. So our issue with the trial judge is, why did you allow this case to proceed alongside that one? They're, for all intents and purposes, identical. In our brief — Can you help me? Because I prepared for all the arguments only by looking at the MR case, and I haven't looked at the criminal case. I have not either, Your Honor. All right. You mentioned something about a post-conviction petition in the criminal case. Yes. What decade was that filed in? Recently? I believe it was 2016. Again, I could be wrong because I haven't — And where is that at? I believe, and I think defense counsel will have more information than I would, but I believe he's been granted a new trial based on one claim that proceeded to an evidentiary hearing, and he was granted a new trial. I don't know if that's pending in this court. I truly have no idea. Do you know if there was a motion to appoint a special prosecutor in that case based on the same conflict of interest? The state's attorney, the Peoria County state's attorney, accused himself, refused that office from representing the state in the 70Y 1976 case because they were removed in the MR case. So who was prosecuting that case? I believe it's the — So I know I'm being unfair. No, it's okay. You're answering a few questions I actually know the answers to. That's refreshing. If we keep going, it'll probably — you won't be as satisfied by my answers. But I believe it's my agents. I believe it's the appellate prosecutor's office that was appointed in that case. I believe. I don't know where it stands this very second. Well, that makes me feel better because I was wondering if your office isn't standing to argue this appeal. And that's part of the confusion with this, and we've had discussions with other folks on this. All right. Go ahead with your argument. Sure. It's part of the, dare I say, mess that the procedural posture of this case has turned into. But here we are, and I will argue the issue that I presented to the court. So anyway, the first issue is whether or not this is the proper avenue for this case. The people would submit that it is not, that the post-conviction petition that is currently in the criminal case is the proper avenue to bring issues regarding the evidence that the defendant has found and has presented to that they claim would establish their client's innocence. And that because that already exists, there's really no need for this separate track that the trial judge is allowed to proceed. The second issue that people would present to this court is — Is it appropriate to appoint the attorney general as the special prosecutor in the case below, in the criminal case? I'm sorry, can you repeat? Is there any possibility that there could be an agreed order to have the attorney general's office appointed as the special prosecutor below because that would merge both tracks? That's a good question. Not an option that has been excluded? I don't believe so, no. All right. That got me thinking. I don't remember why my agency, our agency, was appointed for the second branch of this case. Maybe this is part of the problem here. I'll try to bite my tongue. Go ahead. Oh, I understand. So the people would next submit, did the trial judge in this case, in removing the Peoria County State's attorney's office, did he properly find an actual conflict under 55 IFCS 5 backslash 3-9008 subsection 810, which the defendant based his motion for the appointment of the special prosecutor on, an actual conflict of interest must be established before the state's attorney is removed. This all changed in — it's a different — the statute changed effective January 1st, 2016. Before that date, you could request the appointment of a special prosecutor based on, quote, if that person was, quote, interested in the matter. That's not the case anymore. It has to be an actual conflict of interest. And the trial judge, in his discussions in granting the defendant's motion for the appointment of a special prosecutor, he said, quote, he had a hard time understanding, end quote, the conflict in this case. And the conflict in this case, as alleged by the defendant, boils down to a relationship between the current Peoria County State's attorney and one of the prosecutors in the case in 1970 that ended up in defendant's conviction. Specifically, a comment in the newspaper where the state's attorney thanks the former prosecutor and another statement made by the prosecutor in thanking the former prosecutor for all he did for him when he got elected to his current position. This is all the defendant contended was — created this conflict of interest. And again, the trial judge, in his order appointing a special prosecutor, he never found that there was an actual conflict of interest. All he said was, again, based on his hard time understanding, and because of the confusion in this case, he desired transparency. That's the word he used in appointing the special prosecutor. The people would submit that transparency is kind of akin to the appearance of impropriety, which again, starting on January 1, 2016, is no longer the basis to having a special prosecutor appointed. So the judge was wrong in that case and didn't actually find a conflict of interest. In a couple of subsequent rulings on the people's motion to reconsider and the people's motion to stay, he mentions that he found a conflict and an actual conflict, but I think if you read the transcript from his granting of the motion to appoint a special prosecutor, in the order, in the actual order, there's no mention that he actually found an actual conflict. And the people would submit that's a critical component in this case right now. And that brings me to my third and final point, is whether there was an actual conflict to be found. The people submit, again, that there isn't. Again, all we have here is the allegation that the state's attorney didn't conduct a proper investigation and was incapable of conducting such investigation because he had some former relationship to the former, some personal and professional relationship with the former prosecutor that tried the case that convicted the defendant. People submit that's just not an actual conflict. There's nothing based on the relationship between those two men that makes it so the state's attorney was incapable of conducting the investigation that he said he conducted. Just because the result of the investigation wasn't what the defendant was looking for, does not mean automatically that that result came from an actual conflict. So with those comments, the people would submit that the trial judge did err in appointing a special prosecutor in the 16MR-326 case. Where is our senator here? That's a fantastic question. That's probably in my brief. Oh, yes, I have my brief in my hand. I thought I brought it up for a reason. That wasn't it. Based on case laws, you review for an abuse of discretion whether or not the judge abuses discretion in this case. I don't believe that the judge's decision, or we do believe that the judge's decision was not based on the evidence presented. The fact that he could even consider a conflict here we think is completely arbitrary. Again, we're talking about a relationship between two men and that just can't taint everything that the state's attorney does, especially without any actual proof or evidence that that relationship was the reason that he declined to proceed with the defendant's request for an investigation. If there are any other questions, I'd be happy to answer them. I'm really confused by this record, and I apologize to my colleagues. I'm kind of a procedural nut. Was there a dismissal down below after the notice of appeal dismissing the MR case, or am I mistaken? Are you talking about the very recent Attorney General's motion? The Attorney General moved to dismiss the MR case. Yes. And it was dismissed? Yes. Did the defense object to that? And that's okay. I'm sure they'll answer that question. This is no excuse or anything, but I have actually only, this is only the second time I've been to work in the last two and a half months. I've been a little bit behind. I kind of just focused on the issues that presented, but I know bits and pieces of that. But I don't know what happened in the aftermath of that. There was a couple of orders from this court on my desk when I came back. So the best I can say to you then is I'm hoping defense counsel will maybe address that. I would assume they would know more than me. That's no excuse, and I apologize for not getting to the bottom of the very current. Apologies are not necessary. I appreciate that. Thank you. Thank you, Mr. McHarris. Mr. Trautmann. May it please the Court. Amy Hedjawi on behalf of Defendant Affiliate Chief Heidelberg along with Mr. Don Jackson. Mr. Heidelberg's unrelenting pursuit of justice spans nearly half a century. His story is tragic. His story is devastating. But above all, his story is inspiring. It inspires because the young man who lent his car to the wrong man and who at the very moment of his arrest was tried, convicted, and nearly executed never lost his faith and belief in the Illinois courts. His faith and belief sustained him and powered his fight to prove his innocence decade after decade after decade after decade. And the Illinois courts were true to that faith and belief when at long last Judge Perham appointed a special prosecutor to conduct an independent investigation of allegations and evidence that came to light during the course of an investigation in 2015. Can you address what the Attorney General did after being appointed? Is there a recent motion to dismiss the M.R. case? There was a motion to dismiss the M.R. case. We objected. It was granted. What judge did that? Judge Perham. The one that granted the motion to appoint the special prosecutor? Correct. And was then reconsidered when the Attorney General said we want out? Yes. However, that order as we have argued in this court in the motion to strike the order was sent without jurisdiction because it materially alters the order under appeal. And am I correct that the motion to strike has not been ruled on? It has not been ruled on. And your basis is Judge Perham had no jurisdiction to do that? Correct. And the Attorney General's office is still in the case? Correct. Have you explored the possibility by opening a discussion with Mr. Brady who recused himself and had the appellate prosecutor step in, have you explored the possibility of Mr. Brady agreeing to have the Attorney General's office appointed as a special prosecutor? In fact, Your Honor, Judge Perham and the defense wanted the Attorney General to step into the criminal proceedings and the post-conviction proceedings as well. The state's attorney insisted that the appellate division of his office be the special prosecutor appointed in the post-conviction proceedings. So here's my concern. I mean, Mr. Nicolosi is a fine attorney, a fine young man, and he has never violated his ethics here. But he works for the state's attorney. They are one another. They're connected. Correct. And now that the MR case is dismissed, Mr. Brady previously recused because of the appointment in the MR case. So a reasonable person might expect that Mr. Brady might resume prosecution because his obligation to recuse is now removed by the dismissal of the MR. Which is precisely why the order is void and was entered without jurisdiction because it now has turned this case on its head. Can you tell me why you did not file a motion to appoint a special prosecutor in the criminal case, which I have not looked at because it is not here? Well, I think initially, Your Honor, we filed a motion for a special prosecutor to do an independent investigation separate from the criminal case because we believe that the compelling nature of the evidence required immediate investigation and that given the age of Mr. Heidelberg and the age of the living witnesses, that it had to be done on a more expedited basis. Which is why we took that track. However, when these issues were discussed in the court below, we made it very clear that we wanted the Attorney General and Judge Perham agreed to also take over the post-conviction proceedings in the criminal case and, in fact, Judge Perham contemplated that at some point, since the Attorney General refused to do so and the State's Attorney insisted that it not do so, that he would at some point appoint another person to act as special prosecutor in the criminal proceedings. But, you know, let me back up here. No one has that motion right now. Well, actually, we have a motion pending in front of Judge Perham requesting that the Cook County State's Attorney be appointed as special prosecutor. But is that in the MR case or in the CF case? I believe it's in both cases, actually. It's, you know, I think we can just... Yes, in both cases. But here's the thing. The thing is, and we filed a motion to supplement the record, because we recently discovered emails between the State's Attorney's office and the Attorney General's office. If it's not a matter of record, we will not consider it. Please don't discuss it. Okay. I mean, you will get fair treatment from this court based on the record we have. But in fairness, we can't. We wouldn't consider matters that aren't on the record against your client. Well, Your Honor, respectfully, those documents are public records. And they are correspondence between two agencies of the government. Okay. I can't speak for my colleagues, but I will tell you that I won't consider it. And if they are not comfortable listening, they'll voice their objections to you. Okay. Well, I will proceed then until I hear from the other justices. Is that okay? In the nine-month period between the agency's appointment and the vacation of Mr. Heidelberg's wrongful conviction, the Attorney General's office took no material action. Instead, within two business days of its appointment, it had already spoken to Mr. Nicolosi and Mr. Evans, one of Mr. Brady's chief deputies. And from that point forward, in contempt of Judge Perham's order, the state's attorney and the Attorney General's office worked in concert to thwart the independent review. The Attorney General, in fact, offered legal strategy and advice and even drafted the motion for stay filed in the circuit court and in this court, seeking to stay the order that appointed it. I'd like to read that email to the court. From Catherine Dorsch to Larry Evans, as well as other attorneys within the Attorney General's office. I'm sorry? So Catherine Dorsch is from the Attorney General's office, the special prosecutor appointed by Judge Perham. Larry Evans is a chief deputy under State's Attorney Jerry Brady. And this email states, Good morning. I've attached a stay motion in Heidelberg asking the circuit court to stay the order appointing a special prosecutor pending our appeal. A special prosecutor was appointed to conduct an independent investigation. The Attorney General. The State's Attorney appealed the order, the order under appeal here, attempting to reverse it because the State's Attorney did not want an independent investigation to go forward. The special prosecutor then drafts a motion to stay that order, refers to this appeal as our appeal, rather than conduct or commence conducting the independent investigation it was ordered to do. And then we have redaction after redaction after redaction. Here are the words that are left. I don't know whether I mentioned this earlier, but redaction, redaction, redaction. Larry, again, chief deputy of the State's Attorney. I drafted the document in Word. If you need a Word perfect version, please let me know. This is one email. There's redaction email after redaction email in which the special prosecutor and the State's Attorney act in concert to thwart the independent investigation. And again, just for the record, I won't consider that, just as though I would never consider any email correspondence about what your client has been doing. I recognize that, Your Honor. But to be fair and respectfully, there's a distinction when we're talking about two governmental agencies acting under court order who act in contempt of that order, and public documents show, reveal that contempt. Beyond the circuit court's order, this court denied a motion to stay, the motion to stay that was drafted by the special prosecutor on behalf of the State's Attorney. In denying that motion, that means that the appointment order was in full force in effect from the minute that it was entered. The Attorney General was bound to conduct an investigation independent of the State's Attorney, and the State's Attorney was bound to not exert his influence in the independent investigation  Rather than do that, the Attorney General's inaction effectively stayed the order of appointment, a state that this court and the circuit court denied. The State's Attorney even circulated the briefs filed in this court, in this case, to the purported special prosecutor. I'm just going to read you a couple emails. This is from Mr. Nicolosi, excuse me, to one, two, three, four, I'm sorry, three members of the Attorney General's office assigned to this independent investigation. Hi again, everyone. Attached is a copy of my first draft of our brief in Heidelberg. Please review it and let me know ASAP if you have any comments or concerns so I can make changes. Our brief is due on December 21, 2016. Giving them two weeks to make sure that the opening brief here was sufficiently reviewed and in the form acceptable to the special prosecutor who was appointed to conduct an independent investigation because the State's Attorney was disqualified by the circuit court. And yet that special prosecutor is drafting pleadings to affect the reversal of the order appointing it rather than conducting the independent investigation. Here's another email with respect to the reply brief. Again, from Mr. Nicolosi to representatives, excuse me, of the Attorney General's office. Hi, everyone. Attached is a copy of my first draft of the reply brief in Heidelberg. Let me know if you have any comments or corrections. Again, the reply brief must be filed on or before May 17th. So all this time, Judge Perham and Mr. Heidelberg and we thought an independent investigation was occurring by the special prosecutor appointed by court order. And instead, there was a joint effort to prevent the independent investigation. I have a question. There has been a new trial word and the appellate prosecutor has been appointed to prosecute in that case. And it's an ancient recollection, but I thought only the State's Attorney could invite the Attorney General to come in, but that in instances of actual conflict that you could seek the removal of the State's Attorney. As that case goes forward, this case, I mean, it can't, it doesn't have to be the last word about who's going to prosecute that case, correct? I mean, in the criminal case that's moving forward, I mean, are you to the, past the point where you can seek the appointment of a different prosecutor other than the appellate prosecutor? I know you said you had asked for the Cook County State's Attorney's office to come in. Where does that stand? Because my concern is if we were to say that yes, the judge was correct in appointing the Attorney General's office, what's been demonstrated is that they perhaps are not the independent review that you're truly seeking in the independent body. So where does this go? What is the end result that you seek? Well, Your Honor, we were, intend to ask from this court that in affirming Judge Perham's appointment order, that it remain with instructions to replace the Attorney General with the Cook County State's Attorney's office in every aspect of Mr. Heidelberg's proceedings, and in particular to conduct an expedited investigation, independent investigation, so that we can move forward there. One of the questions, I don't know if it was you, Your Honor, asked about the post-conviction proceedings. There were four days of trial, and I think I said Mr. Heidelberg's... On the post-conviction petition. Yes, and Mr. Heidelberg's conviction was vacated. That is also currently under appeal. Being handled by the appellate prosecutor's office. Correct. Again, we all recognized the tension there, but the State's Attorney insisted on the appellate prosecutor and the Attorney General, and from these emails, we now know why, said we don't want to do that case. That's how we ended up in the, quote, mess that we are in. But it's not a mess. The court can remedy all of this by affirming with instructions to replace the Attorney General with the Cook County State's Attorney in every aspect of these proceedings. And by the way... But there is a very unique remedy you're asking us. There is no history in a miscellaneous remedies case where a judge removes the State's Attorney. It's always done in a criminal proceeding. So what you're asking us to do today by appointing... First of all, you're asking us to set aside the Attorney General's... The court's ruling on the Attorney General's motion to dismiss the MR case. So that puts the Attorney General back in the case. And that seems to be a point well taken. That motion was filed after the circuit court lost jurisdiction. And then once we get the Attorney General back in the case, you're asking us to remove the Attorney General and appoint somebody else in an MR case. I'm unaware of any other process or historical proceeding where that has happened. And then my feeble brain brings me to the point of if the Attorney General should be in the case because the circuit court lacked jurisdiction to vacate the appointment... Are you following me? Mm-hmm. How can I listen to Mr. Michelosi here today? Because the Attorney General should be standing there. Correct. So what you're asking us to do has no precedent. Except there is precedent, Your Honor. Okay, help me. And that precedent actually dovetails into this argument that somehow the amended statute requires the finding of an actual conflict, which in effect is the notion that this amended statute can somehow usurp the inherent authority of the Illinois courts to maintain their integrity and the integrity of the criminal justice system, which is nothing short of an attack on a separation of powers that is the bedrock of our Constitution. Just to be clear, when you say the amended statute, you're talking about the amended statute to appoint a special prosecutor. Correct. And below, the trial court did not make a finding that there was an actual conflict. Actually, yes, the judge did. And we quoted the language extensively in our brief. The court did not use precise language in his initial ruling. But as this court itself has held, whatever the reasoning or the words used by the lower court, not relevant. This court can affirm the judgment based on anything in the record. Okay, tell us how we can affirm that judgment based on what is in this record. Do you want us to find a conflict of interest? The judge found a conflict of interest. Okay. The judge used imprecise language, and in fact, the majority of the argument by the state's attorney is that because of that imprecise language, the order cannot be affirmed. The state's attorney did not address the record, the evidence that triggered his obligation to conduct an investigation that was brought to him. In fact, he says there's 10 pages of specific examples of perceived failures in the investigation. He doesn't address any of them. He gives this court three sentences, three sentences to justify or to explain what his investigation was, over two briefs. In his opening brief, he says, The state's attorney was asked to look into the case, and there is no question that he did so. He concluded, based on his review of the record and his discussion with Ham, the 1970 prosecutor, that no further action was required. In his reply brief, he says, The state's attorney was under no obligation to review a 46-year-old conviction, but did so anyway, even contacting the former prosecutor for further insight on the matter. So again, his own words indict him. He started and stopped the investigation at Mr. Ham's door. Even Mr. Ham's own file, prosecutorial file, contains documented instances of egregious constitutional misconduct that would lead any disinterested prosecutor to conduct an investigation. Who is he? Who is Ronald Ham? No, you keep saying he. Oh, I'm sorry. Mr. Brady, the state's attorney. Because we have Mr. Nicolosi here in the courtroom. Yes, I'm sorry. You're referencing he, Mr. Brady. Yes, I'm referencing Mr. Brady. So within the prosecutor's own file, there's documented instances of egregious constitutional misconduct. There are five living witnesses. Mr. Ham is one of them. Two of those witnesses say that James Clark, not Mr. Heidelberg, murdered Officer Espinoza. But I don't want to get into those facts. Because that will take all the time up and we won't get to what we need to address here today. The point is that there was, you know, 100 pages of allegations, three volumes of documentary evidence that the circuit court reviewed. And it wasn't just Mr. Heidelberg that found Mr. Brady's investigation lacking. It was the circuit court. The circuit court said this investigation does not meet the standards of the duties imposed on your office. Between that and the relationship between you and Mr. Ham, I find an actual conflict. In fact, Judge Perham himself referenced that he's from a different branch. He, again, in different language, referenced the separation of powers. The head state's attorney, the top prosecutor, the state's attorney himself, has a conflict. And because of that, the Attorney General was appointed. So what we're asking today is given the inherent authority to maintain the integrity of the courts, given the inherent authority to ensure the rigorous disinterestedness required in our criminal justice system, that this court not only affirm Judge Perham's order, but do so with instructions replacing the Attorney General with the Cook County State's Attorney to act as prosecutor in every aspect of Mr. Heidelberg's proceedings. Any more questions? I'm sorry. Before I... Thank you. I don't think so. Thank you very much. I hope I answered some of them. Thank you. Just a couple things briefly. I guess, Judge Wright, you and I were talking earlier about whether or not I should even be here or whether my agency... Yes, I'll do respect. Oh, and to that end, I appreciate you vouching for my credibility in front of the court. I appreciate that. Well, I will say this. Advocacy in our system requires two sides being very passionate and well-prepared. Sure. And we're seeing an example of this here. It happens. So continue. I guess... What is your position on whether you should be arguing this? I guess I should be. I was thinking about it as I was sitting listening to the discussion that I should be here right now as a voice for the State's Attorney because they were removed in this case. I guess even though this case feels bigger, there's more going on, there's a PC that's happening independent of this, it feels like a bigger case, but it really is kind of typical of all the cases that I argue in this court and that I am just representing the State's Attorney in a continuation of a case that started below. They were removed as prosecutors in this matter, so I am now their voice. Because the Attorney General has withdrawn or caused the court to dismiss the appointment order. I was thinking a little differently. I was thinking because the State's Attorney has a right to appeal their removal, so then they needed somebody to speak for them, and so we stepped in as we ordinarily do. Maybe the AG would step in for us the same and it would be the same, but I feel like even though the AG was originally given the responsibility of investigating this case, so maybe we wouldn't be the party that ordinarily would step in. But I think we are stepping in. I guess I'm just going to interject. You are representing the State's Attorney's Office. The State's Attorney's Office that was removed, presumably the Attorney General was to be a neutral party and was to be appointed not subject to appealing their appointment because they weren't to be representing you, were they? Sure, but... We're not trying to beat you up. No, no. Mr. Brady doesn't get a voice here today. We are reviewing not Mr. Brady's conduct. We are reviewing Judge Purnam's decision. Sure. And so... But... So... Doesn't Mr. Brady have an interest in his own removal? I don't think so, but we will ponder that later, and I think we're digressing too much. I would like you to address the defense counsel's request that if we affirm, and I know you're hoping that we won't, if we affirm, do we have the authority to replace the Attorney General based on the unique circumstances of this case and compel the appointment of Cook County State's Attorney's Office? Like you said earlier, Your Honor, I don't know what basis in law that appointment would come from. So I wouldn't think that would be an option. I haven't seen anything that would convince me otherwise. Well, it would be very nice if we could get an agreed order after this argument is concluded. And that would happen down below, and we'll see what happens there. But, yeah. If there are any other questions, I'd be happy to answer them. Thank you, Mr. McBride. Thank you both for your argument today. We will take this matter under advisement.